# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO RAMIREZ,<br><br>        Plaintiff,<br><br>vs.<br><br>VICTOR KITT,<br><br>        Defendant. | 1:17-cv-00947-BAM (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Armando Ramirez is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's complaint filed on July 17, 2017. (ECF No. 1).

**I.**    <u>**Screening Requirement and Standard**</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.      Summary of Plaintiff's Allegations**

Plaintiff is currently incarcerated at Wasco State Prison. Plaintiff brings suit against Dr. Victor Kitt, a surgeon at Mercy Hospitals of Bakersfield. Plaintiff alleges the following: On February 16, 2016, while in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at Wasco State Prison, Plaintiff was transported to Dignity Health-Mercy Hospitals of Bakersfield to undergo a surgical procedure for repair of his right eardrum. The surgery was performed by Dr. Kitt, a contracted surgeon with the CDCR. Plaintiff was suffering from a right eardrum perforation, which was causing hearing loss. Following surgery, and after awakening from general anesthesia, Dr. Kitt informed Plaintiff that the surgery was successful. This left Plaintiff with the impression that Dr. Kitt had repaired the perforation to his eardrum and he would no longer experience loss of hearing.

Plaintiff alleges, however, that he continued to experience even more hearing loss. After 10 months of complaining and/or seeking medical treatment via prison health services, Plaintiff was scheduled to be seen by an audiology specialist. On December 5, 2016, Plaintiff was transported to Riverside University Health System – Medical System in Moreno Valley, California, to undergo an audiogram. Plaintiff learned the perforation in his right eardrum was still visible. At that point, Plaintiff was referred to an ENT specialist, who diagnosed Plaintiff on December 16, 2016, as suffering from the following: Tympanic Membrane Perforation, Right Conductive Hearing Loss in Right Ear, Ruptured Eardrum and Hearing Loss.

On December 27, 2016, Plaintiff was again seen by the ENT and scheduled to undergo a corrective surgical procedure on January 3, 2017. On January 3, 2017, Dr. Helen Yu performed the corrective surgery. Plaintiff alleges that Dr. Yu performed the surgery as it should have been performed by Dr. Kitt initially on February 16, 2016. Plaintiff contends that Dr. Kitt exhibited deliberate indifference to his serious medical needs by leaving the hole in his eardrum open and/or exposed, while knowing that the chances of Plaintiff enduring further complications, pain, and greater hearing loss would not be offset as they should have been. Plaintiff further alleges that Dr. Kitt exhibited deliberate indifference to his serious medical needs by not providing adequate post-operative follow-up to ensure that further complications were offset.

Plaintiff seeks compensatory damages in the amount of $750,000.

**III. Discussion**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.' " Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

///

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1998).

"Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105–06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff fails to state a cognizable claim against Defendant Kitt for deliberate indifference to a serious medical need. With respect to the surgery, Plaintiff's allegations amount, at best, to medical malpractice or gross negligence in the performance of the procedure to repair Plaintiff's right eardrum. With respect to post-operative care, there is no indication that Defendant Kitt was responsible for such care following completion of Plaintiff's surgery and his return to Wasco State Prison. Further, Plaintiff alleges that he not only sought subsequent treatment from prison medical services, but also received an audiogram, referral to an ENT specialist and corrective surgery. There also is no indication that Defendant Kitt knew that Plaintiff's initial surgery did not repair the eardrum or that Plaintiff required additional care. The Court therefore finds that Plaintiff has failed to state a cognizable claim for deliberate indifference to serious medical needs against Defendant Kitt. Plaintiff will be given an opportunity to amend his complaint to cure these deficiencies to the extent he is able to do so in good faith.

**IV. Conclusion and Order**

Plaintiff's complaint fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **January 29, 2018**         /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE