# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO RAMIREZ,<br><br>        Plaintiff,<br><br>    v.<br><br>VICTOR KITT,<br><br>        Defendant. | Case No. 1:17-cv-00947-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANT'S MOTION TO DISMISS AND GRANT DEFENDANT'S ALTERNATIVE MOTION TO QUASH SERVICE<br><br>(ECF No. 23)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Armando Ramirez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant Victor Kitt's motion to dismiss, or, in the alternative, to quash service pursuant to Federal Rule of Civil Procedure 12(b)(5), filed on July 24, 2019. (ECF No. 23.)

**I.   Introduction**

Plaintiff initiated this action on July 17, 2017. (ECF No. 1.)

On May 22, 2019, the Court screened Plaintiff's first amended complaint and determined that Plaintiff had stated a cognizable claim against Defendant Kitt for deliberate indifference to

serious medical needs in violation of the Eighth Amendment. (ECF No. 20.) In the same order, the Court ordered that service be initiated against Defendant Kitt and, due to Plaintiff's *in forma pauperis* status, the Court directed Plaintiff to provide the information necessary for the United States Marshal to serve process on Defendant Kitt. (Id.)

On June 21, 2019, the Court issued an order directing service on Defendant Kitt by the U.S. Marshals Service pursuant to the information provided to the Court by Plaintiff. (ECF No. 21.)

On July 8, 2019, the U.S. Marshals Service filed a USM-285 "Process Receipt and Return" form, stating that the U.S. Marshal personally served "Victor Kitt, M.D. c/o Dignity Health Mercy Hospital Bakersfield" at "2215 Truxtun Ave. Bakersfield, CA 93301" by delivering a copy of the summons and first amended complaint to "Darryl Coleman, HR" at 1:00 p.m. on July 3, 2019. (ECF No. 22.)

As noted above, Defendant Kitt filed a motion to dismiss or, in the alternative, quash service pursuant to Federal Rule of Civil Procedure 12(b)(5) on July 24, 2019. (ECF No. 23.) Plaintiff filed an opposition to Defendant's motion to dismiss or quash pursuant to the prison mailbox rule on August 12, 2019, which was docketed on August 23, 2019. (ECF No. 25.) Defendant filed a reply on August 30, 2019. (ECF No. 26.) Accordingly, Defendant's motion to dismiss or quash is submitted for decision without oral argument. Local Rule 230(l).

**II.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to move to dismiss an action based on insufficient service of process. If service is insufficient, as defined by Federal Rule of Civil Procedure 4, "the district court has discretion to dismiss an action or to quash service." S.J. v. Issaquah Sch. Dist. No. 411, 470 F.3d 1288, 1293 (9th Cir. 2006). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). "Rule 4 is a flexible rule that should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint." Chan v. Society Expeditions, 39 F.3d 1398, 1404 (9th Cir. 1994). However, "[n]either actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal

jurisdiction if service was not made in substantial compliance with Rule 4." Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982) (internal citations omitted).

**III. Discussion**

Federal Rule of Civil Procedure 4(e) provides that "an individual … may be served in a judicial district of the United States by:" (a) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;" (b) by "delivering a copy of the summons and … complaint to the individual personally;" (c) by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (d) by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

Here, Defendant Kitt moves to dismiss the action, or quash service against him, on the ground that the service of summons and Plaintiff's first amended complaint was insufficient because the manner of service in this case does not comply with the requirements for service set forth in Rule 4(e). Specifically, Defendant contends that the manner of service in this case does not comply with Rule 4(e)(1) or (e)(2)(C) because, although the summons and first amended complaint were served on Defendant "c/o Dignity Health Mercy Hospital," Defendant is not an employee of Dignity Health dba Mercy Hospitals of Bakersfield and Dignity Health dba Mercy Hospitals of Bakersfield is not authorized to accept service of process on Defendant's behalf. (Declaration of Victor Kitt, M.D., ECF No. 23-2, at ¶ 3.)

The Court finds that Defendant Kitt's declaration is adequate evidence to properly challenge the validity of service against him in this action. Therefore, Plaintiff must establish that the manner of service on Defendant Kitt was valid and sufficient pursuant to Rule 4. Brockmeyer, 383 F.3d at 801.

Plaintiff contends that the service of process on Defendant Kitt is sufficient under Rule 4 in two ways. First, Plaintiff argues that service on Defendant Kitt is sufficient pursuant to Rule 4(e)(1) and California Code of Civil Procedure § 415.20. Rule 4(e)(1) provides that an individual can be validly served pursuant to the law for the service of summons of the state where the

3

district court is located or where service is made.  Since this Court is located, and service is made, in California, service on Defendant Kitt is sufficient under Rule 4 if the manner of service complies with California law.  Here, Plaintiff argues that the manner of service on Defendant Kitt complies with California Code of Civil Procedure § 415.20.  Under § 415.20, a summons "may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address … in the presence of a … person apparently in charge of his or her office, place of business, or usual mailing address …, and by thereafter mailing a copy of the summons and … complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left."  Cal. Civ. Proc. Code § 415.20(b).

In this case, even presuming that "Dignity Health Mercy Hospital" in Bakersfield is Defendant Kitt's office or place of business, the service on Defendant Kitt would not comply with § 415.20(b) because there is no evidence that a copy of the summons and first amended complaint were mailed by first-class mail, postage pre-paid, to Defendant at Dignity Health Mercy Hospital as required by § 415.20(b).  Therefore, service of the summons and first amended complaint on Defendant Kitt does not comply with Rule 4(e)(1) and California Code of Civil Procedure § 415.20.

Second, Plaintiff argues that the manner of service on Defendant complies with Rule 4(e)(2)(C), which provides that an individual may be served by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e)(2)(C).  "The 'agent' referred to in [Rule 4(e)(2)(C)] is not just an employee or business agent of some kind, rather, he or she must be an agent specifically designated [by the party to be served] to receive the service of process."  Moody v. Finander, No. 09-CV-0892-LAB (BGS), 2011 WL 4479074, at *3 (S.D. Cal. Aug. 26, 2011).  "[T]here must be evidence that the defendant intended to confer that authority upon the agent in order to satisfy the terms of Rule 4(e)(2)(C)."  Electro Scan, Inc. v. Henrich, No. 2:18-cv-02689-JAM-EFB, 2019 WL 1299010, at *3 (E.D. Cal. Mar. 20, 2019).

In this case, the Court acknowledges that, while Defendant Kitt's declaration states that

Dignity Health dba Mercy Hospitals of Bakersfield is not authorized to accept service of process on his behalf, Defendant Kitt has not declared that Darryl Coleman was not authorized to accept service of process on Defendant's behalf. (Kitt Decl., ECF No. 23-1, ¶ 3.) Nevertheless, it is Plaintiff's burden to establish the validity of service, and Plaintiff has not provided any evidence demonstrating that Defendant Kitt specifically designated Darryl Coleman to accept service of process on his behalf.

Instead, Plaintiff argues that the Court should find that Darryl Coleman is an implied agent to receive service of process on behalf of Defendant Kitt because Defendant Kitt has performed countless operations, including Plaintiff's operation, at Dignity Health Mercy Hospital. (ECF No. 25, at 5.) An agent's authority to accept service of process may be implied in fact if "the totality of the surrounding circumstances demonstrates that the intent of the [principal] to convey such authority" to its agent. In re Focus Media, Inc., 387 F.3d 1077, 1083 (9th Cir. 2004). Here, the fact that Defendant Kitt has performed operations at Dignity Health Mercy Hospital is insufficient to establish that Defendant Kitt intended to convey the authority to accept service of process to Darryl Coleman, a person in the Human Resources department of Dignity Health Mercy Hospital. Therefore, the Court finds that Darryl Coleman was not "an agent authorized by appointment or law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). Consequently, service of the summons and first amended complaint on Defendant Kitt does not comply with Rule 4(e)(2)(C).

Thus, the Court determines that Plaintiff's service of the summons and first amended complaint on Defendant Kitt was insufficient under Rule 4.

However, a finding of insufficient service of process does not necessitate automatically granting Defendant's motion to dismiss. As noted above, the district court has broad discretion to either dismiss the action, or to retain the case and quash the service that has been made on Defendant Kitt. Issaquah Sch. Dist. No. 411, 470 F.3d at 1293. "If it appears that effective service can be made and there has been no prejudice to the defendant, the court will quash service rather than dismiss the action." Team Enterprises, LLC v. Western Investment Real Estate Trust, No. CV F 08-1050 LJO SMS, 2008 WL 4367560, at *1 (E.D. Cal. Sep. 22, 2008).

5

Here, effective service can be made and there has been no prejudice to the defendant. Plaintiff has made a good faith effort to comply with the rules of service. Further, Plaintiff will be able to serve process on Defendant Kitt through Defendant's attorney of record because Defendant Kitt has appeared in this action. <u>See</u> <u>Estate of Moss</u>, 204 Cal. App. 4th 521, 533-34 (Cal. Ct. App. 2012) (stating that, where a party and their attorney have already appeared in an action and new process against that party is issued in the same action, "proper service of process on the party's attorney of record in that same case is sufficient as a matter of law under Code of Civil Procedure section 416.90"). Moreover, there is no evidence that Defendant Kitt will suffer any prejudice.

**IV.   Order and Recommendation**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. Defendant Kitt's motion to dismiss, (ECF No. 23), be DENIED;
2. Defendant Kitt's alternative motion to quash service, (ECF No. 23), be GRANTED;
3. Plaintiff's service of process on Defendant Kitt be QUASHED;
4. The Clerk of the Court be ordered to send Plaintiff one (1) USM-285 form, one (1) summons, a Notice of Submission of Documents form, an instruction sheet, and a copy of the first amended complaint filed on January 31, 2019; and
5. Plaintiff be directed to complete the Notice of Submission of Documents and submit the completed Notice to the Court, within thirty (30) days after the service date of the District Judge's order adopting these recommendations, along with the following documents: a newly-completed USM-285 form for Defendant Kitt, a newly-completed summons for Defendant Kitt, and two (2) copies of the endorsed amended complaint.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

**fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 13, 2020**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE