# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO RAMIREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KITT,<br><br>　　　　　Defendant. | Case No. 1:17-cv-00947-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RULING ON MOTIONS TO COMPEL<br>(ECF No. 52)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL<br>(ECF Nos. 44, 47)<br><br>**Defendant's Supplemental Responses Due: February 21, 2024**<br><br>**Plaintiff's Supplemental Opposition to Motion for Summary Judgment Due: March 21, 2024** |

**I.     Procedural History**

　　Plaintiff Armando Ramirez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant Kitt ("Defendant") for deliberate indifference to serious medical needs in violation of the Eighth Amendment. All parties have consented to United States Magistrate Judge jurisdiction. (ECF Nos. 5, 39.)

　　On November 23, 2020, Plaintiff filed a motion to compel responses to interrogatories and request for sanctions, together with a certification that the parties previously attempted to meet

and confer to resolve the dispute.  (ECF Nos. 44, 45.)  Defendant filed an opposition on December 14, 2020, (ECF No. 46), and Plaintiff did not file a reply.

On December 21, 2020, Plaintiff filed a second motion to compel, which appears to be identical to the first motion to compel except that it includes as exhibits Plaintiff's prior certification of the parties' meet and confer and a copy of Defendant's responses to Plaintiff's interrogatories.  (ECF No. 47.)  Noting the duplication of the first motion to compel, Defendant filed an opposition that incorporates by reference the December 14, 2020 opposition.  (ECF No. 48.)  Plaintiff did not file a reply.

While the motions to compel were pending, Defendant filed a motion for summary judgment.  (ECF No. 49.)  Plaintiff then filed a motion requesting a ruling on the motions to compel before filing his opposition.  (ECF No. 52.)  Notwithstanding this motion, Plaintiff then filed an opposition to the motion for summary judgment, (ECF No. 57), and Defendant filed a reply, (ECF No. 58).  Defendant did not file a response to Plaintiff's motion for a ruling on the motions to compel.

Plaintiff's motions to compel and motion for ruling on the motions to compel are therefore deemed submitted.  Local Rule 230(l).  Plaintiff's motion for ruling on the motions to compel is granted by the instant order, and the motions to compel are granted in part and denied in part, as discussed below.

**II.     Plaintiff's Motions to Compel**

As noted in Defendant's opposition to Plaintiff's second motion to compel, and as acknowledged in Plaintiff's motion for ruling on the motions, the second motion to compel is duplicative of the first.  Accordingly, the motions to compel will be decided together.  Plaintiff contends that Defendant's objections to Plaintiff's Interrogatories Nos. 4, 6, 8, 9, 13, and 16 have no merit.  (ECF No. 44.)

**A.     Legal Standards**

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or

incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4).  "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

The moving party bears the burden of informing the Court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why the response is deficient; (4) why any objections are not justified; and (5) why the information sought through discovery is relevant to the prosecution or defense of this action. *McCoy v. Ramirez*, 2016 WL 3196738 at *1 (E.D. Cal. 2016); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

An interrogatory is a written question propounded by one party to another who must answer under oath and in writing.  Interrogatories are limited to anything within the permissible scope of discovery, namely, any nonprivileged matter that is relevant to any party's claim or defense.  Fed. R. Civ. P. 33, 26(b)(1).  The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4).  Generally, the responding party does not need to conduct extensive research in answering the interrogatory, but a reasonable effort to respond must be made. *Evans v. Tilton*, 2010 WL 1136216, at *6 (E.D. Cal. Mar. 19, 2010).  The responding party is required, to the extent there are no objections, to answer interrogatories separately and fully in writing under oath.  Fed. R. Civ. P. 33(b)(3).

The scope of discovery under Rule 26(b)(1) is broad.  Discovery may be obtained as to any unprivileged matter "relevant to any party's claim or defense." *Id.*  Discovery may be sought of relevant information not admissible at trial if it is "proportional to the needs of the case, considering the importance of the issues at stake in the action the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

3

1   outweighs its likely benefit." *Id.* However, discovery may be limited if it "is unreasonably

2   cumulative or duplicative, or can be obtained from some other source that is more convenient,

3   less burdensome, or less expensive;" if the party who seeks discovery "has had ample opportunity

4   to obtain the information by discovery in the action;" or if the proposed discovery is irrelevant or

5   overly burdensome. Fed. R. Civ. P. 26(b)(2)(i)(ii) and (iii).

6   Evidence is relevant if it has any tendency to make a fact more or less probable than it

7   would be without the evidence and that fact is of consequence in determining the action. Fed. R.

8   Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. However, even

9   relevant evidence may be excluded if it will cause unfair prejudice, confuse the issues, mislead

10  the jury, cause undue delay, waste time, or is needlessly cumulative. Fed. R. Evid. 403. Finally,

11  aside from limited exceptions, none of which apply here, evidence of a person's character or

12  character trait is not admissible to prove that on a particular occasion the person acted in

13  accordance with the character or trait. Fed. R. Evid. 404.

14  **B.   Plaintiff's Interrogatories ("ROGs") 4, 6, 8, 9, 13, 16**

15  <u>ROG No. 4</u>: Identify all the civil rights lawsuits filed against YOU by state/federal

16  prisoners alleging DELIBERATE INDIFFERENCE, NEGLIGENCE, to their serious medical

17  need(s) since YOUR employment with CDCR and or the Federal Bureau of Prisons as an ENT or

18  other medical trained personall [sic].

19  <u>Response to ROG No. 4</u>: Objection is made on the grounds that this interrogatory is

20  vague, ambiguous and unintelligible as phrased. The responding party also objects that this

21  interrogatory also seeks information that is not proportional to the needs of the case because the

22  information requested is not important in resolving the issues in the action and is unlikely to lead

23  to the discovery of admissible evidence. Further objection is made on the basis that the

24  interrogatory intrusive of the responding party's right of privacy pursuant to the United States

25  Constitution and Article I, § 1 of the California Constitution.

26  <u>Ruling on ROG No. 4</u>: Plaintiff's motion to compel a further response to ROG No. 4 is

27  denied. Plaintiff argues that prior complaints and lawsuits are relevant to help establish a possible

28  pattern or practice, but as a general matter, third-party prisoner complaints in deliberate

1  indifference cases are not relevant to whether a defendant was deliberately indifferent to a
2  plaintiff in a present action, and they are likely inadmissible and of limited probative value.  *See*
3  *Brooks v. Tate*, 2013 WL 4049058, at *2 (E.D. Cal. Aug. 7, 2013).  This suit is limited to
4  Defendant Kitt's treatment of Plaintiff, making his treatment of (or failure to treat) other inmates
5  at other times irrelevant.  Moreover, such evidence would likely be inadmissible character
6  evidence.  Fed. R. Evid. 404(b).  Finally, Plaintiff's contention that Defendant's privacy objection
7  is deficient because such lawsuits are a matter of public record only supports a finding that such
8  information is equally available to Plaintiff.

9  ROG No. 6: As an ENT "Specialist" detail the injury(ies) a patient may develop
10 (temporary and permanent in nature) caused by a perforated eardrum that was not closed/sealed
11 during a surgery.

12 Response to ROG No. 6: Objection is made on the grounds that this interrogatory is
13 vague, ambiguous, assumes facts, is argumentative, lacks foundation and is an incomplete
14 hypothetical.  The responding party also objects to the extent that this interrogatory calls for a
15 legal conclusion and/or expert opinion testimony in contravention of the timing of expert
16 testimony requirements set forth in Federal Rule of Civil Procedure 26(a)(2).

17 Ruling on ROG No. 6: Defendant contends that this interrogatory requires Defendant to
18 give expert opinion testimony prior to disclosure of experts, and is an incomplete hypothetical
19 because it does not refer to any particular patient or give any history of the patient's background
20 or injury.  The objections are not well taken.  The phrasing of the interrogatory with "[a]s an ENT
21 'Specialist'," seeks opinion testimony from Defendant derived from his background as a medical
22 doctor.  Plaintiff is not requesting an expert witness opinion.  Defendant cites to no legal basis for
23 why he cannot respond to the above interrogatory.  *See* Fed. R. Civ. P. 33(a)(2) ("An
24 interrogatory is not objectionable merely because it asks for an opinion or contention that relates
25 to fact or the application of law to fact.").  Defendant's boilerplate objections are an insufficient
26 response and are denied.  Defendant shall submit a further response to ROG No. 6.

27 ROG No. 8: Out of the number of surgeries YOU Answered to Interrogatory No. 7, How
28 many of those surgeries resulted in the perforation NOT being surgically closed, sealed,

1  completely.

2      a. How many of these were inmate patients.

3      <u>Response to ROG No. 8</u>: Objection is made on the grounds that this interrogatory is
4  vague, ambiguous and unintelligible as phrased.  It is also compound.  The responding party
5  further objects on the basis that this interrogatory also seeks information that is not proportional
6  to the needs of the case because the information requested is not important in resolving the issues
7  in the action and is unlikely to lead to the discovery of admissible evidence.

8      <u>Ruling on ROG No. 8</u>:  Plaintiff's motion to compel a further response to ROG No. 8 is
9  denied.  Plaintiff again argues that Defendant has a habit or routine practice of not sealing or
10 closing ear perforations during surgery, but as stated above, this suit is limited to Defendant's
11 treatment of Plaintiff, not of other inmates or patients.

12     <u>ROG No. 9</u>:  IDENTIFY by name and ADDRESS, all the patients and inmate patients
13 YOU performed surgeries on to close, seal, a perforated eardrum the last ten (10) Years.

14     <u>Response to ROG No. 9</u>:  Objection is made on the grounds that this interrogatory is
15 vague, ambiguous and unintelligible as phrased.  The responding party also objects that this
16 interrogatory also seeks information that is not proportional to the needs of the case because the
17 information requested is not important in resolving the issues in the action and is unlikely to lead
18 to the discovery of admissible evidence.  Further objection is made on the basis that the
19 interrogatory intrusive of third parties' right of privacy pursuant to the United States Constitution
20 and Article I, § 1 of the California Constitution.  It would also be a violation of physician-patient
21 confidentiality and HIPAA to provide the requested information.

22     <u>Ruling on ROG No. 9</u>:  Plaintiff's motion to compel a further response to ROG No. 9 is
23 denied, for the reasons discussed above with respect to ROG Nos. 4 and 8.  The private
24 information of Defendant's patients is not proportional to the needs of this case, which is limited
25 to Defendant's treatment of Plaintiff.  Plaintiff's argument that the privacy rights of Defendant's
26 former patients is conditional and may be impaired for the purposes of this suit is unpersuasive.

27     <u>ROG No. 13</u>:  As an ENT "SPECIALIST" List all the injury(ies) and or medical
28 conditions that can cause a loss of hearing.

1    Response to ROG No. 13:  Objection is made on the grounds that this interrogatory is
2 vague, ambiguous, overbroad [sic], lacks foundation and is an incomplete hypothetical.  The
3 responding party also objects on the basis that this interrogatory also seeks information that is not
4 proportional to the needs of the case because the information requested is not important in
5 resolving the issues in the action and is unlikely to lead to the discovery of admissible evidence.
6 The responding party further objects to the extent that this interrogatory calls for a legal
7 conclusion and/or expert opinion testimony in contravention of the timing of expert testimony
8 requirements set forth in Federal Rule of Civil Procedure Rule 26(a)(2).

9    Ruling on ROG No. 13:  Plaintiff's motion to compel a further response to ROG No. 13 is
10 denied.  Defendant's objection to ROG No. 13 as requiring a legal conclusion and/or expert
11 opinion testimony is unavailing, as explained above with respect to ROG No. 6.  However, the
12 Court finds that this interrogatory is overbroad.  This case is limited to Defendant's treatment of
13 Plaintiff, and specifically to Defendant's post-operative care following the surgery to repair
14 Plaintiff's right eardrum.  (ECF No. 20, p. 8.)  Asking Defendant for an opinion as to "all"
15 potential injuries and medical conditions that can cause a loss of hearing is not proportional to the
16 needs of this case.

17    ROG No. 16:  Describe in detail how YOU believe YOUR surgery of on or about
18 February 12, 2016, did NOT attribute to Plaintiff alleged injury(ies), specifically permanent
19 hearing loss.

20    Response to ROG No. 16:  Objection is made on the grounds that this interrogatory is
21 vague, ambiguous, assumes facts, is argumentative, lacks foundation and is an incomplete
22 hypothetical.  The responding party further objects to the extent that this interrogatory calls for a
23 legal conclusion and/or expert opinion testimony in contravention of the timing of expert
24 testimony requirements set forth in Federal Rule of Civil Procedure Rule 26(a)(2).

25    Ruling on ROG No. 16:  Defendant's objections to ROG No. 16 are not well taken.  As
26 with ROG No. 6, Rog No. 16 seeks opinion testimony from Defendant derived from his
27 background as a medical doctor.  Plaintiff is not requesting an expert witness opinion.  Defendant
28 cites to no legal basis for why he cannot respond to the above interrogatory.  *See* Fed. R. Civ. P.

7

1  33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or
2  contention that relates to fact or the application of law to fact."). Furthermore, the interrogatory
3  does not assume facts, as Plaintiff's permanent hearing loss is described as an "alleged injury,"
4  and calls only for an opinion as to how Defendant's February 12, 2016 surgery would **not** have
5  led to permanent hearing loss. The interrogatory also does not require Defendant to speculate as
6  to any injuries or conditions Plaintiff may have suffered after he was no longer Defendant's
7  patient. Defendant's boilerplate objections are an insufficient response and are denied.
8  Defendant shall submit a further response to ROG No. 16.

9  **III.     Request for Sanctions**

10  In his motions to compel, Plaintiff also requests that the Court sanction Defendant for
11  expenses and costs incurred in filing the motions to compel. (ECF No. 44, p. 17; ECF No. 47, p.
12  17.) Although the motions to compel are granted in part, in light of Plaintiff's failure to argue
13  that any expenses or costs were actually incurred, as well as the denial of the motions to compel
14  in part, the Court finds that sanctions are not appropriate at this time.

15  **IV.    Supplemental Opposition**

16  Plaintiff argues that Defendant's supplemental responses to the interrogatories at issue are
17  necessary for use in Plaintiff's opposition to the pending motion for summary judgment. (*See*
18  ECF No. 52, p. 3.) Although the Court notes that Plaintiff has already filed an opposition to the
19  motion for summary judgment, and does not indicate therein that further information is required
20  in order to file a complete opposition, in an abundance of caution the Court finds it appropriate to
21  grant Plaintiff an opportunity to file a supplemental opposition. <u>Plaintiff's supplemental
22  opposition to the motion for summary judgment, if any, should be limited only to those facts or
23  arguments that relate to Defendant's supplemental responses to ROG Nos. 6 and 16.</u> Defendant
24  will have an opportunity to file a supplemental reply brief in response to any supplemental
25  opposition.

26  ///
27  ///
28  ///

**V.      Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for a ruling on motions to compel, (ECF No. 52), is GRANTED;
2. Plaintiff's motions to compel, (ECF Nos. 44, 47), are GRANTED IN PART and DENIED IN PART, as discussed above;
   a. On or before **February 21, 2024**, Defendant SHALL serve supplemental responses to Plaintiff's Interrogatories Nos. 6 and 16, as discussed above;
3. On or before **March 21, 2024**, Plaintiff may file a supplemental opposition to Defendant's pending motion for summary judgment, limited only to those facts or arguments that relate to Defendant's supplemental responses to Interrogatories Nos. 6 and 16; and
4. Defendant may file a supplemental reply within **fourteen (14) days** after the docketing of any supplemental opposition from Plaintiff.

IT IS SO ORDERED.

Dated:   **January 22, 2024**           /s/ Barbara A. McAuliffe         
                                         UNITED STATES MAGISTRATE JUDGE