# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO RAMIREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KITT,<br><br>　　　　Defendant. | Case No. 1:17-cv-00947-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF EXPERT WITNESSES<br>(ECF No. 65)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br>(ECF No. 66)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ARBITRATION OR MEDIATION, WITHOUT PREJUDICE<br>(ECF No. 66) |

　　　　Plaintiff Armando Ramirez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendant Kitt ("Defendant") for deliberate indifference to serious medical needs in violation of the Eighth Amendment.  All parties have consented to United States Magistrate Judge jurisdiction.  (ECF Nos. 40, 43.)

　　　　Following resolution of Plaintiff's motions to compel and service of Defendants' supplemental responses to Plaintiff's Interrogatories Nos. 6 and 16, (ECF No. 62), the parties were directed to file supplemental briefs regarding Defendant's pending motion for summary judgment.  Plaintiff filed a supplemental opposition, limited to facts and arguments relating to

1  Defendant's supplemental responses, (ECF No. 63), and Defendant filed a supplemental reply,
2  (ECF No. 64). Defendant's motion for summary judgment is now fully briefed and pending
3  before the Court.

4      On May 28, 2024, Plaintiff filed motions for appointment of expert witnesses,
5  appointment of counsel, and for arbitration or mediation, together with a notice regarding
6  pleading conditions precedent pursuant to Federal Rule of Civil Procedure 9(c). (ECF Nos. 65–
7  68.) Defendant has not yet had an opportunity to file responses to the motions, but the Court
8  finds responses are unnecessary. The motions are deemed submitted. Local Rule 230(l).

9  **I.    Motion for Appointment of Expert Witnesses**

10      Federal Rule of Evidence 706 authorizes courts, within their discretion, to appointment a
11  neutral, independent expert witness. Fed. R. Evid. 706(a); *Walker v. Am. Home Shield Long*
12  *Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). The appointment of such an expert
13  witness may be appropriate when "scientific, technical, or other specialized knowledge will assist
14  the trier-of-fact to understand the evidence or decide a fact in issue." *Ledford v. Sullivan*, 105
15  F.3d 354, 358–59 (7th Cir. 1997).

16      However, the statute authorizing a petitioner's *in forma pauperis* status does not authorize
17  the expenditure of public funds for expert witnesses. *See* 28 U.S.C. § 1915; *Tedder v. Odel*, 890
18  F.2d 210, 211–12 (9th Cir. 1989) (per curiam) (expenditure of public funds on behalf of indigent
19  litigant is proper only when authorized by Congress); *Boring v. Kozakiewicz*, 833 F.2d 468, 474
20  (3d Cir. 1987) (no provision to pay fees for expert witnesses). An indigent prisoner litigant must
21  bear his or her own costs of litigation, including witnesses. *See, e.g.*, *Tedder*, 890 F.2d at 211.

22      Furthermore, although a court may apportion costs for the expert witnesses among the
23  parties, including apportionment of costs to one side, Fed. R. Evid. 706; *Ford ex rel. Ford v. Long*
24  *Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002); *Walker*, 180 F.3d at 1071,
25  where the cost would likely be apportioned to the state, the court should exercise caution.

26      Plaintiff requests appointment of the following expert witnesses: (1) Erin Tracy Ostby,
27  M.D., ENT (Resident), Riverside University Hospital ("RUH"); (2) Helen Xiao-Ou Xu, operating
28  surgeon, RUH; (3) Benjamin Daniel Bradford, M.D., RUH, 1st assistant to Dr. Xu; and (4) Phillip

1   LeClair Garth, Au. D., CCC Au 2166, RUH.  (ECF No. 65.)  Plaintiff argues that these expert
2   witnesses are necessary to speak to their individual experiences in this particular medical field, as
3   it relates to the initial procedure performed by the Defendant, and would be questioned on issues
4   limited to Interrogatories Nos. 6 and 16.  Defendant's expert witness, Dr. Kaplan, has his own
5   opinion, which can and should be rebutted with the admissible expert testimony of the above
6   expert witnesses who performed and/or assessed the necessity for Plaintiff's subsequent
7   tympanoplasty.  (*Id.*)

8   Federal Rule of Evidence 706 does not contemplate court appointment and compensation
9   of an expert witness as an advocate for Plaintiff.  *Brooks v. Tate*, 2013 WL 4049043, *1 (E.D.
10  Cal. Aug. 7, 2013) (denying appointment of medical expert on behalf of state prisoner in section
11  1983 action); *Gorrell v. Sneath*, 2013 WL 3357646, * 1 (E.D. Cal. Jul. 3, 2013) (purpose of court-
12  appointed expert is to assist the trier of fact, not to serve as an advocate for a particular party).
13  Moreover, Rule 706 is not a means to avoid the *in forma pauperis* statute and its prohibition
14  against using public funds to pay for the expenses of witnesses.  *Manriquez v. Huchins*, 2012 WL
15  5880431, * 12 (E.D. Cal. 2012).

16  The requested expert witnesses are not neutral or independent.  Plaintiff requests that the
17  Court appoint as expert witnesses individuals who were directly involved in Plaintiff's medical
18  care following his treatment by Defendant in this action.  Federal Rule of Evidence 706 does not
19  permit the Court to appoint experts to "rebut" Defendant's expert witness.  Thus, Plaintiff is not
20  entitled to appointment of these expert witnesses on his behalf.

21  Finally, there is no indication that a neutral expert will be required to assist the trier of fact
22  in this matter.  Plaintiff's allegations are not so complicated as to require the appointment of an
23  expert witness to assist the court and/or a jury.

24  **II.    Motion for Appointment of Counsel**

25  Plaintiff requests appointment of counsel pursuant to the Seventh Amendment, which
26  provides for the right to a jury trial in federal civil actions where the amount in controversy
27  exceeds twenty dollars.  (ECF No. 66.)  Plaintiff argues that appointment of counsel is necessary
28  to fairly and fully litigate this case, because Plaintiff is indigent and cannot afford or find and

retain counsel on his own, expert witness testimony is needed, and/or arbitration or mediation between the parties would possibly dispose of this case in a cost-effective manner. Plaintiff's right eardrum was damaged, affecting his ability to litigate the case at trial, and without the appointment of counsel Plaintiff would not be able to fully and fairly litigate this case before the trier of fact. (*Id.*)

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motion for the appointment of counsel, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding *pro se* and *in forma pauperis* almost daily. These prisoners also must prepare lay and expert witness testimony, attend settlement conferences, and prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although Plaintiff is proceeding on a cognizable claim, the Court cannot say that this claim has a likelihood of ultimately being successful in the face of Defendant's pending motion for summary judgment. Also, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims in

writing or at a trial, even taking into account the damage to Plaintiff's right eardrum.

### III.     Motion for Arbitration and/or Mediation

Plaintiff requests that a mediator be appointed or this case set for arbitration, to possibly dispose of this case, in lieu of a trial.  (ECF No. 67.)

Without a clear indication from all parties to the action that they are willing to discuss settlement, the Court does not find that it would be an efficient use of judicial resources to set this case for a settlement conference at this time.  The parties are reminded that they are free to settle this matter without judicial involvement at any time by communicating among themselves.  If in the future the parties jointly decide that this action would benefit from a Court-facilitated settlement conference, or if they are able to reach an independent settlement agreement, they may so inform the Court.

### IV.     Plaintiff's Notice Regarding Conditions Precedent

Plaintiff also filed a notice titled "Conditions Precedent Federal Rule of Civil Procedure, Rule 9(c)."  (ECF No. 68.)  Plaintiff appears to argue that in denying that the first unsuccessful tympanoplasty caused Plaintiff's injury, or that Defendant was not the cause of Plaintiff's injury, Defendant must plead the denial with particularity pursuant to Rule 9(c).  (*Id.*)

To the extent Plaintiff is attempting to raise a challenge to Defendant's pleadings pursuant to Rule 9(c), Plaintiff is reminded that the deadline to file motions to amend the pleadings expired on November 5, 2020.  To the extent Plaintiff is attempting to challenge Defendant's motion for summary judgment pursuant to Rule 9(c), Plaintiff is informed that Rule 9(c) imposes a requirement for the pleading stage, and does not provide a basis for opposing a motion for summary judgment.

### V.      Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of expert witnesses, (ECF No. 65), is DENIED;
2. Plaintiff's motion for appointment of counsel, (ECF No. 66), is DENIED, without prejudice; and

///

3. Plaintiff's motion for arbitration or mediation, (ECF No. 67), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:  **June 3, 2024**                    /s/ *Barbara A. McAuliffe*       _
                                        UNITED STATES MAGISTRATE JUDGE